IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HUGH ROBINSON, )
) Civil No. 05-321-ST
    Petitioner, )
)
  v. )
)
CHARLES DANIELS, Warden, )
) FINDINGS AND RECOMMENDATION
    Respondent. )

STEWART, Magistrate Judge.

    This 28 U.S.C. § 2241 habeas corpus action comes before the court on respondent's Motion to Dismiss (docket #13) pursuant to Fed. R. Civ. P. 12(b)(1). Respondent asks the court to dismiss this action for lack of subject matter jurisdiction because 28 U.S.C. § 2241 is not the proper procedural mechanism through which to challenge the legality of petitioner's incarceration.

## **STANDARDS**

    A motion to dismiss under Fed. R. Civ. P. 12(b)(1) tests the subject matter jurisdiction of the court. The plaintiff bears the

1 - FINDINGS AND RECOMMENDATION

burden of establishing the propriety of the court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Consequently, a Rule 12(b)(1) motion will be granted if the Complaint fails to allege facts sufficient to establish subject matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004); Thomhill Publ'g Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Alternatively, a defendant may seek dismissal under Rule 12(b)(1) by presenting factual evidence to refute the jurisdictional facts alleged in the complaint. Savage, 343 F.3d at 1039 n. 2. Once the defendant has introduced such evidence, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

## **DISCUSSION**

Generally, a 28 U.S.C. § 2241 petition is the proper method in which to challenge the manner, location, or conditions of a sentence's execution. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 1999). Section 2255 provides the exclusive procedural mechanism by which a federal prisoner may contest the legality of his sentence unless it appears that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v.

2 - FINDINGS AND RECOMMENDATION

Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000); Hernandez, 204 F.3d at 864. Although § 2255 generally provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention, the Ninth Circuit has held that a federal prisoner may challenge the legality of his detention through a § 2241 habeas corpus petition if he can demonstrate that he has never had an "unobstructed procedural shot" at presenting a claim that he is innocent. Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir. 2003).

In this case, petitioner seeks to challenge a 1995 federal drug conviction from the Middle District of Louisiana on the basis that he is innocent of the crime. In his Petition for Writ of Habeas Corpus, petitioner claims to have newly discovered evidence to support his claim of innocence: an affidavit from the Government's key witness in which the affiant admits to perjuring himself during petitioner's criminal trial.

Petitioner alleges that he attempted to file a successive § 2255 motion based on the newly discovered evidence, but was apparently denied this opportunity. Petition (docket #1), pp. 5-6. As a result, petitioner contends that 28 U.S.C. § 2255 is ineffective to test the legality of his detention. Therefore, § 2241 is the proper procedural mechanism to allow him an unobstructed procedural shot at presenting his newly discovered evidence in support of his claim of innocence.

Because plaintiff has alleged facts in his Complaint which are sufficient to confer subject matter jurisdiction on the court, and

3 - FINDINGS AND RECOMMENDATION

because respondent has not controverted petitioner's allegations, the Motion to Dismiss for lack of jurisdiction should be denied.

## RECOMMENDATION

For the reasons identified above, respondent's Motion to Dismiss (docket #13) should be DENIED.

## SCHEDULING ORDER

Objections to these Findings and Recommendation(s), if any, are due November 3, 2005. If no objections are filed, then the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this 13th day of October, 2005.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge