IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HUGH ROBINSON,                )
                              )    Civil No. 05-321-ST
        Petitioner,           )
                              )
    v.                        )
                              )
CHARLES DANIELS,              )
                              )    FINDINGS AND RECOMMENDATION
        Respondent.           )

    Ruben L. Iniguez
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    David R. Dugas
    United States Attorney
    Middle District of Louisiana
    Robert W. Piedrahita
    Catherine M. Maraist
    Assistant United States Attorneys
    777 Florida Street, Suite 208
    Baton Rouge, Louisiana 70801

        Attorneys for Respondent

1 - Findings and Recommendation

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case before the court pursuant to 28 U.S.C. § 2241. He seeks to challenge the constitutionality of his underlying federal conviction for Possession with the Intent to Distribute cocaine. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #1) should be dismissed for lack of jurisdiction.

## BACKGROUND

On March 7, 1995, a grand jury in the Middle District of Louisiana indicted petitioner and co-defendant Arthur Combs for Possession with the Intent to Distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Petitioner's Exhibit S, p. 3. On August 18, 1995, Combs pleaded guilty and agreed to assist the Government in its investigation and prosecution of others, including petitioner.

On September 11, 1995, petitioner proceeded to a jury trial where Combs testified against him. When petitioner's attorney cross-examined Combs, he asked him whether he expected to receive a more favorable sentence in exchange for his testimony against petitioner. Trial Transcript, pp. 306-08, 318-20. Combs stated that he did not, but did admit that his plea agreement made that a possibility. Id at 320.

Petitioner's defense attorney did not call any witnesses, but did introduce two letters written to petitioner from Combs in an attempt to impeach Combs' credibility. In the letters, Combs told

2 - Findings and Recommendation

petitioner that he had no information to offer the Government about him, and therefore doubted that the Government would accept his guilty plea. Id at 314-15. He also indicated in his letters that he would not testify against petitioner despite what the Government might offer him. Id at 315-16. Although counsel attempted to show that Combs fabricated his testimony in order to obtain a lesser sentence, the impeachment evidence was unsuccessful, and the jury unanimously found petitioner guilty. Petitioner's Exhibit C.

Three days before petitioner's sentencing, the Government filed a § 5K1.1 motion to reduce Combs' sentence based upon his cooperation in petitioner's prosecution. When the District Court imposed sentences on both men, it sentenced petitioner to 168 months imprisonment, and granted the Government's § 5K1.1 motion for a downward departure as to Combs, resulting in a sentence of 144 months. Petitioner's Exhibits D & E.

Petitioner appealed his conviction and sentence, but the Fifth Circuit Court of Appeals affirmed the District Court in United States v. Hugh Robinson, No. 93-31264 (5th Cir. 1998).[1]

On February 26, 1999, petitioner filed a 28 U.S.C. § 2255 motion in which he argued that he received ineffective assistance of counsel when his attorney: (1) failed to offer additional letters authored by Combs for impeachment purposes; and (2) failed

---

[1] Combs also appealed his conviction and sentence, and the Fifth Circuit remanded his case for resentencing. On remand, the district court reduced Combs' prison sentence to 108 months. Petitioner's Exhibit F.

3 - Findings and Recommendation

to subpoena a relevant witness.  See U.S. v. Robinson, 95-27-B-M1 (M.D. La. 2000) (Order (docket #148) denying § 2255 motion).  He attached five letters in support of his § 2255 motion which generally show that: (1) Combs wanted to coordinate his story with petitioner; and (2) Combs was advised that if he testified against petitioner, his potential sentence could be reduced from 20 years to seven-and-a-half.  Petitioner's Exhibits G-K.

Petitioner also attached an affidavit from Deitrich Irving.  According to Irving, he attempted to contact petitioner's attorney to tell him that he was present during the narcotics transaction at issue, and that petitioner did not participate in the transaction.  Irving attests that he would have testified to this effect at petitioner's trial had counsel returned his telephone calls.  Petitioner's Exhibit L.

On March 15, 1999, petitioner filed an amended § 2255 motion adding due process claims.  Specifically, he alleged that the Government violated his right to due process when it: (1) allowed Combs to perjure himself at trial; and (2) failed to disclose to petitioner its promise to move under § 5K1.1 to reduce Combs' sentence in exchange for his testimony.  See U.S. v. Robinson, 95-27-B-M1 (M.D. La. 2000) (Order (docket #148) denying § 2255 motion).  Petitioner also attached a sixth letter addressed to him from Combs dated August 24, 1995, in which Combs revealed that a federal probation officer had offered him a "possible" § 5K1.1

4 - Findings and Recommendation

sentence reduction if he testified against petitioner. Petitioner's Exhibit M.

Eight days later, petitioner filed an emergency supplemental memorandum and attached a February 23, 1999 letter he had just received from Combs.  See U.S. v. Robinson, 95-27-B-M1 (M.D. La. 2000) (Order (docket #148) denying § 2255 motion).  In that letter, Combs told petitioner that although there was "never anything in black and white," it was "clear" to him that he would "get a reward" if he testified against petitioner.  Petitioner's Exhibit N.

On December 5, 2000, the district court denied petitioner's § 2255 motion, finding that he had not been the victim of ineffective assistance of counsel and the Government had not used perjured testimony to obtain his conviction.  U.S. v. Robinson, 95-27-B-M1 (M.D. La. 2000) (Order (docket #148) denying § 2255 motion).

Petitioner next moved for a certificate of appealability, which the district court denied.  See Petitioner's Exhibit S, p. 10.  He nevertheless sought to proceed with his appeal, but on July 13, 2001, the Fifth Circuit dismissed his appeal for lack of prosecution due to his appellate attorney's failure to comply with the Federal Rules of Appellate Procedure.  Id.

On March 7, 2005, petitioner filed the current § 2241 habeas action, asserting that it is based on newly discovered evidence not

5 - Findings and Recommendation

available for his § 2255 motion, namely an affidavit from Combs dated September 13, 2004, in which Combs attested that he "knew" before petitioner's trial that he would "receive a reward" in exchange for his cooperation.  Petitioner seeks habeas corpus relief on the following grounds: (1) trial counsel provided ineffective assistance as a result of his failure to introduce Combs' letters and call available defense witnesses; (2) the Government improperly relied upon Combs' perjured testimony at trial; (3) the Government improperly declined to reveal its § 5K1.1 cooperation agreement with Combs; and (4) appellate counsel was ineffective when he failed to perfect petitioner's § 2255 appeal to the Fifth Circuit.

On August 1, 2005, respondent moved to dismiss this action for lack of subject-matter jurisdiction.  Specifically, he argued that 28 U.S.C. § 2241 is not the proper remedy for a prisoner seeking to invalidate his convictions.  The court denied the Motion to Dismiss because respondent failed to controvert petitioner's allegation that he had never been afforded an unobstructed procedural opportunity to present newly discovered evidence of his innocence, *i.e.*, that Combs perjured himself when he testified that he was not expecting a benefit in exchange for his testimony at petitioner's trial.

///

///

6 - Findings and Recommendation

## DISCUSSION

A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. Richardson v. United States, 943 F.2d 1107, 1112-13 (9th Cir. 1991), cert. denied, 503 U.S. 936 (1992). Under Fed. R. Civ. P. 12(h), this court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

Generally, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may contest the legality of his sentence unless it appears that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). The Ninth Circuit has held, however, that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner: (1) makes a claim of actual innocence; and (2) has not had an "unobstructed procedural shot" at presenting that claim. Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).

When respondent previously asked the court to dismiss this case for lack of subject-matter jurisdiction, he did not provide a detailed procedural history of petitioner's case. He does so now, and a review of the record makes it clear that the 2004 Combs

7 - Findings and Recommendation

affidavit does not give rise to any new arguments which petitioner either did not raise, or could not have raised, in his § 2255 motion.

Petitioner filed this habeas action seeking to challenge his underlying conviction, alleging that the 2004 Combs affidavit impeaches Combs' credibility because it reveals that he knew he would receive a sentence reduction in exchange for his testimony at petitioner's trial. According to petitioner, Combs lied under oath at petitioner's trial when he testified during cross-examination that he did not expect to receive any reduction in his sentence in exchange for his testimony against petitioner.

Petitioner asserts the 2004 Combs affidavit proves that he perjured himself during cross-examination and gives rise to the claims which he presents in his Petition. While this may be evidence of perjury on Combs' part, the affidavit does not provide any information which petitioner did not possess during his § 2255 action.

In a letter dated August 17, 1995, Combs told petitioner:

> If I don't testify against you I could be facing 20 years myself. I talked to my lawyer this morning and he brought the guidelines book. We looked up the area I'll probably be in if I testify and if I don't. If I do I could be as low as about 7 ½ years. If I don't, quite possibly over 20. I don't want to testify against you but I don't want to do 20 years either.

Petitioner's Exhibit I.

///

///

8 - Findings and Recommendation

On August 24, 1995, Combs again wrote petitioner:

> As much as I hate it if you take it to trial I will be forced to take the stand.  Today while they were talking to me the P.O. said I'm looking at a possible 5k1.1 if I testify but I wish you take the stand, I won't get the 5k1.1 but at least I won't have to help them do you.  I know you told me to do what I have to do to get less time but I don't want to do it that way. . . .

Petitioner's Exhibit M.

On February 23, 1999, Combs again sent petitioner a letter referencing the sentence reduction:

> I told [my attorney] I didn't care about any reduction but I guess deep in my heart I really did all along.  There was never anything in black and white but it was clear to me that I would get a reward if I went through with [testifying].

Petitioner's Exhibit N.

Petitioner submitted all of these letters to the district court in support of his § 2255 motion.  He used these documents to support his due process and ineffective assistance of counsel claims during his § 2255 action, which are essentially the same claims he seeks to present here.  Indeed, the only new claim petitioner presents in this case is one of ineffective assistance of appellate counsel based on his attorney's failure to perfect petitioner's § 2255 appeal to the Fifth Circuit.  This claim is not related to the 2004 Combs affidavit and also lacks merit.  <u>See Sanchez v. United States</u>, 50 F.3d 1448, 1456 (9th Cir. 1995) (rejecting claim for ineffective assistance of counsel "because there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding").

9 - Findings and Recommendation

In light of this court's review of the record, it is now clear that petitioner had an unobstructed procedural opportunity to present the claims contained in his § 2241 Petition during his § 2255 proceedings. Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DISMISSED for lack of jurisdiction.

## SCHEDULING ORDER

Objections to these Findings and Recommendation(s), if any, are due **January 8, 2007.** If no objections are filed, then the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this 14th day of December, 2006.

>             /s/  Janice M. Stewart
>             Janice M. Stewart
>             United States Magistrate Judge

10 - Findings and Recommendation